```
             UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION
```

JACK BROWARD TODD,                :
                                  :
       Petitioner,                :   NO. 1:05-CV-00737
                                  :
                                  :
  v.                              :   **OPINION AND ORDER**
                                  :
                                  :
JEFFREY WOLFE, Warden,            :
                                  :
       Respondent.                :
                                  :

This matter is before the Court on the Magistrate Judge's February 22, 2007 Report and Recommendation (doc. 13). Plaintiff filed no objection. For the reasons indicated herein, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in all respects, and DENIES Petitioner's Petition with Prejudice.

On November 16, 2005, Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244, challenging his forgery conviction in Brown County, Ohio, Court of Common Pleas Case No. 20022172 (doc. 1). Respondent filed his Answer on January 26, 2006 (doc. 6), such that this matter is ripe for the Court's consideration.

In his Report and Recommendation, the Magistrate Judge recommends that Petitioner's Petition for Writ of Habeas Corpus be denied with prejudice (doc. 13). After a thorough review of the record, the Magistrate Judge found that Petitioner waived all but two of his claims for relief due to his procedural defaults in

state courts (Id.).  The Magistrate Judge further found Petitioner unentitled to relief based on the merits of his remaining claims that 1) he was threatened and coerced into entering the pleas, and that 2) he did not enter his plea knowingly and voluntarily because of confusing and ambiguous statements at the plea hearing concerning the length of his sentence and community control (Id.). After a careful review of the sentencing transcript, the Magistrate Judge concluded that Petitioner entered his guilty pleas voluntarily in the absence of any threats or coercion, and that he clearly understood the recommended sentence of the parties (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation thorough, correct, and well-taken.  Clearly Petitioner waived the bulk of the claims in his Petition, and the record does not support Petitioner's surviving claims that he was coerced into entering his plea, or that he did not do so knowingly or voluntarily.

Proper notice was provided to the Petitioner under Title 28 U.S.C. § 636(b)(1)(C), including the notice that he would waive further appeal if he failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  Plaintiff filed no objection.

Accordingly, for the reasons herein, the Court ADOPTS IN ENTIRETY the Magistrate Judge's Report and Recommendation (doc.

13), DENIES Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), CERTIFIES pursuant to 28 U.S.C. § 1915(a) that an appeal from this Order adopting the Magistrate Judge's Report and Recommendation would not be taken in "good faith" and DENIES Petitioner leave to proceed on appeal in forma pauperis. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Finally, the Court FINDS that a certificate of appealability should not issue with respect to the claims alleged in the Petition, which this Court has concluded are barred from review on procedural waiver grounds, because under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural rulings. A certificate of appealability also should not issue with respect to the remaining claims challenging the constitutionality of Petitioner's guilty pleas, which have been addressed on the merits herein, because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claims. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    SO ORDERED.


Dated: March 27, 2007        s/S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge